**Balbir Singh DHESI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71585.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Richard E. Oriakhi, Esquire, Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Balbir Singh Dhesi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence. *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's credibility assessment based upon the discrepancies between Dhesi's testimony and his asylum application as to whether his wife had been arrested and whether he was photographed when detained. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Because the IJ had reason to question Dhesi's credibility, and because the IJ gave Dhesi notice that a negative inference might apply if Dhesi did not produce his Canadian asylum declaration, the IJ could fault Dhesi for failing to provide this evidence. *See Sidhu*, 220 F.3d at 1090–92, *see also* 8 U.S.C. § 1252(b)(4)(D)

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(we are not compelled to conclude that this evidence was unavailable). Thus, Dhesi failed to establish eligibility for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Dhesi failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.*

**PETITION FOR REVIEW DENIED.**